UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRON A. ADAMS,<br>Plaintiff,<br>v.<br>LINA MANGLICMOT, et al.,<br>Defendants. | Case No. 19-cv-07952-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS** |

**INTRODUCTION**

Plaintiff, an inmate at California Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following CTF correctional officials as defendants: RN Manglicmot, RN Anudokem, RN Deluna, RN Mislang, RN Coleman, RN Hanna, LVN Binuluna, officer Botello, officer Castillo Jr., officer Flores, officer Lozano, officer Hardian, Warden Koenig, and Chief Medical Executive Posson. Plaintiff also names a John Doe defendant, the CTF sergeant or lieutenant who handled the screening of new arrivals on February 28, 2018. Plaintiff alleges that these defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

The complaint makes the following factual allegations. Plaintiff has a remote head injury which causes him to suffer from grand mal seizures. On February 28, 2018, plaintiff was transferred to CTF. Prior to February 2018, plaintiff's last seizure had been in January 2017, and he had been housed at San Quentin State Prison ("SQSP") where his housing placement was restricted to ground floor and lower bunk because of his potential for seizures. Dkt. No. 1 at 6-7.

On February 28, 2018, when plaintiff arrived at CTF, his initial screening was conducted by RN Manglicmot and John Doe 1. RN Manglicmot had received plaintiff's SQSP medical file which specified that plaintiff suffered from seizures and should be assigned to a lower bunk and housed on the ground floor. Despite what was stated in the medical file, RN Manglicmot assigned plaintiff to an upper bunk in E-Unit, Cell 101. RN Manglicmot informed plaintiff that, at CTF,

2

lower bunk assignments were only for inmates with broken bones or surgeries that prevented them from climbing on to the top bunk. Dkt. No. 1 at 6-7. CTF Receiving and Release New Arrival Housing Screening Supervisor John Doe 1 refused to check the computer to confirm that plaintiff should be assigned to ground floor, lower bunk. Dkt. No. 1 at 26-27.

Upon arriving at E-Unit that day, plaintiff informed defendants officers Lozano and Hardian that he needed to be housed on the ground floor, in a lower bunk, because of his history of seizures but both officers refused to change his bunk assignment. Dkt. No. 1 at 7-8. That same day, at pill call, when plaintiff informed defendant LVN Binuluna that he had a prescription for Phenytoin, defendant LVN Binuluna responded that the medication was not listed in the computer and that she did not have time to listen to plaintiff's problem. Defendant LVN Binuluna failed to report to her supervisor that there was a newly arrived inmate with a history of seizures who had been assigned to an upper bunk and had not had seizure medication since early that morning. Dkt. No. 1 at 8.

The following day, on March 1, 2018, plaintiff had a grand mal seizure while sleeping. Due to the seizure, plaintiff fell off his top bunk, bit his tongue, and suffered excruciating pain in his head, back, shoulder, elbow, ankle, and thumb. Plaintiff informed defendant officer Lozano that he had fallen, that it was a medical emergency, and that he needed to see medical. Defendant officer Lozano refused to call medical, stating that he did not think there was any need. Dkt. No. 1 at 8-9.

On March 9, 2018, Dr. Friedrichs ordered that plaintiff be housed on the ground floor or a limited stairs area, and on the lower or bottom bunk. On March 15, 2018, a nurse reassigned plaintiff to a ground floor cell, lower bunk, after reviewing plaintiff's medical records and discovering that a doctor had "long ago" ordered plaintiff removed from the top bunk. Dkt. No. 1 at 9-10.

On or about July 5, 2018, plaintiff was seen by defendant RN Deluna in response to a health care services request. Plaintiff informed defendant RN Deluna that due to his fall from the upper bunk during a seizure, he continued to suffer from excruciating pain in his back, left shoulder, and elbow, and that when sitting to use the toilet, his legs would go numb and he would

have sharp shooting pain from his back down to his legs. Plaintiff also reported that the pain medication prescribed was ineffective. Defendant RN Deluna took plaintiff's vital signs, stated that plaintiff would be scheduled to see a doctor, and instructed that plaintiff tell the doctor about his pain. Defendant RN Deluna did not examine plaintiff's areas of pain and did nothing to help plaintiff. In contrast, defendant RN Deluna regularly assisted other inmates in having their medication adjusted or obtaining housing accommodations. Dkt. No. 1 at 16-17.

On or about August 2, 2018, defendant Chief Medical Executive ("CME") Posson was assigned to review a grievance filed by plaintiff, Grievance No. CTF-HC-18001195. Defendant Posson did not interview plaintiff in connection with this grievance and decided that no intervention was necessary. Dkt. No. 1 at 17-18.

On August 17, 2018, plaintiff had another grand mal seizure and was rushed to an outside hospital. Plaintiff was discharged with a recommendation for a 30-day course of pain medication (Tylenol) three times daily. Upon his return to CTF, defendant RN Anudokem conducted a follow-up appointment and made disrespectful remarks about plaintiff to get laughs from other correctional officials. When plaintiff reprimanded defendant RN Anudokem for her inappropriate comments, defendant RN Anudokem stated that plaintiff was a smart-ass and refused to dispense him the pain medication prescribed by the outside physician. On August 20, 2018, plaintiff filed grievance CTF-SF-1800098, alleging that defendant RN Anudokem deliberately withheld his pain medication to cause unnecessary and wanton infliction of pain. Defendant RN Mislang was assigned to review this grievance. Defendant RN Mislang did not interview defendant RN Anudokem in reviewing this grievance and concluded that defendant RN Anudokem did not violate CDCR policy. Dkt. No. 1 at 11-14; Dkt. No. 9-1 at 1.

On August 23, 2018, because plaintiff continually complained to defendant LVN Binuluna's supervisor about not getting his medication on time and that the nurses required more training, defendant LVN Binuluna deliberately gave plaintiff the incorrect "keep on person" ("KOP") medication for the next twenty-two days. Instead of giving plaintiff hydrochlorothiazide, a hypertension drug, defendant RN Binuluna gave plaintiff mirtazapine, a psychiatric medication. As a result, plaintiff began to experience severe headaches and dizziness, and ultimately suffered

4

another stroke on September 21, 2018, causing injuries to his back, shoulder, left elbow and left thumb. Dkt. No. 1 at 18-19. After suffering the seizure, plaintiff was seen by defendant RN Coleman. Plaintiff informed defendant RN Coleman that the seizure was caused by going without hypertension medicine for twenty-one days, and that defendant LVN Binuluna had been giving him mirtazapine instead of hydrochlorothiazide. Defendant RN Coleman responded that plaintiff's medical concerns were not an emergency and that she could not help him. Defendant RN Coleman did not examine plaintiff. Nor did defendant RN Coleman report the medication error and seizure to a supervisor, as required by prison regulations. Defendant RN Coleman did not order hydrochlorothiazide for plaintiff. Dkt. No. 1 at 19-20, 22.

On September 24, 2018, plaintiff was seen by defendant RN Deluna regarding his allegation that defendant LVN Binuluna had given him the wrong KOP medication, resulting in headaches, dizziness, and a seizure. Defendant RN Deluna refused to give plaintiff hypertension medication. Dkt. No. 1 at 21-22.

On February 19, 2019, defendants officers Botello and Castillo Jr. transported plaintiff to an outside hospital for an MRI. Defendant officer Botello used unauthorized bare metal leg iron chains on plaintiff's ankles and ignored plaintiff when he said it was too tight. Plaintiff sat in the transport vehicle for nearly seven hours, causing him to suffer severe back pain. Defendant officer Botello refused plaintiff's three requests that his soiled diaper be changed. Both officers Botello and Castillo Jr. refused to loosen the leg irons even though the leg irons were causing plaintiff's legs to swell, and refused to take plaintiff into the hospital waiting room to change his seated position to ease his back pain. The hospital required that a correctional official accompany plaintiff into the MRI room in order for plaintiff to receive the MRI, but both officers Botello and Castillo Jr. refused to remove their metal badges and metal devices to accompany plaintiff into the MRI room. As a result, plaintiff's MRI was rescheduled for a later date. Dkt. No. 1 at 22-24.

On March 15, 2019, plaintiff filed Grievance CTF-S-19-01037, alleging that defendants officers Botello and Castillo were deliberately indifferent to his serious medical needs when they refused to remove their metal devices so that plaintiff could have his MRI, when they refused to change his diapers, when they refused to bring him into the hospital waiting room, and when they

used unauthorized leg irons. Defendant Warden Koenig reviewed this grievance on April 10, 2019 and found no staff violations. Dkt. No. 1 at 25-26.

On July 8, 2019, defendant officer Flores intentionally lied to the nurse handling the pill line, claiming that plaintiff had refused to take his daily observation therapy seizure medication. Plaintiff had a seizure later that day at noon while asleep in his cell. Plaintiff believes that defendant officer Flores maliciously and deliberately lied because plaintiff had continually complained about not receiving his medication and because plaintiff has a verified disability. Defendant officer Flores failed to report plaintiff's refusal to take his medication as required by CDCR regulations. Dkt. No. 1 at 14-16.

**C.     Legal Claims**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have

6

been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). A contention that a correctional officer ignored the instructions of a prisoner's treating physician is sufficient to state a claim, however. *See Wakefield v. Thompson*, 177 F.3d 1160, 1165 & n.6 (9th Cir. 1999).

    Liberally construed, the following allegations state cognizable Eighth Amendment claims: on February 28, 2018, defendants Manglicmot, Lozano and Hardian refused to provide plaintiff with a lower bunk assignment in a ground floor cell despite being informed of plaintiff's history of seizures and prior housing restrictions; on March 1, 2018, defendant Lozano refused to contact medical for plaintiff after he experienced a seizure that caused him to fall from his top bunk, bite his tongue, and experience severe pain and headache; on or about August 17, 2018, defendant RN Anudokem refused to dispense plaintiff's prescribed pain medication; and, on or about September 21 and 24, 2018, defendants Deluna and Coleman refused to reorder plaintiff's hypertension medication, hydrochlorothiazide, despite knowing that he had been without it for twenty-eight days.

    The remaining allegations fail to state cognizable Eighth Amendment claims and, unless

7

otherwise specified, are dismissed with prejudice for the following reasons.

**Allegations of Violations of State or Prison Regulations.** The failure to comply with a prison or state regulation does not automatically violate the Eighth Amendment's prohibition on deliberate indifference to an inmate's medical needs. In determining whether an allegation states a cognizable Eighth Amendment claim, the question is whether the prison official knew that the prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.

**Additional Allegations Against Defendant RN Deluna.** The complaint's allegation that, on or about July 5, 2018, in response to plaintiff's complaint of pain, defendant RN Deluna only took plaintiff's vitals, did not examine the areas of pain, and referred plaintiff to a doctor does not state a cognizable Eighth Amendment claim. Defendant RN Deluna did not fail to take reasonable steps to abate plaintiff's pain; defendant RN Deluna referred plaintiff to a physician in response to his complaints of pain.

**Defendant LVN Binuluna.** The complaint's allegation that on February 28, 2018, defendant LVN Binuluna did not give plaintiff phenytoin because it was not listed in the computer as prescribed for him fails to state a cognizable Eighth Amendment claim because there is no Eight Amendment violation where defendant LVN Binuluna should have known, but did not know, that plaintiff needed phenytoin. The complaint's allegation that from August 23 to September 21, 2018, defendant LVN Binuluna gave plaintiff the incorrect KOP medication for twenty-eight days fails to state a cognizable Eighth Amendment claim because plaintiff has only proffered conclusory allegations that defendant LVN Binuluna deliberately gave plaintiff the wrong medication. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060. However, because it appears that this deficiency could be remedied, this particular claim is DISMISSED with leave to amend, if plaintiff believes he can truthfully do so.

**Defendants Officers Castillo Jr. and Botello.** The complaint's allegations that defendants officers Castillo Jr. and Botello put plaintiff in leg restraints that were too tight and refused to loosen the restraints, left him in a transportation vehicle for many hours and refused to

8

take him into the hospital waiting room to alleviate his pain, refused to change his soiled diapers, and refused to remove their metal badges so that plaintiff could have his MRI that day fail to state cognizable Eighth Amendment claims. Plaintiff did not face a substantial risk of serious harm from the pain caused by the leg restraints, from sitting in the van for many hours, from the soiled diapers, or from having the MRI appointment rescheduled to a later date.

**Defendant Officer Flores.** The complaint's allegation that defendant officer Flores intentionally lied to the nurse that plaintiff had refused to take his daily observation therapy seizure medication fails to state a cognizable Eighth Amendment claim because it is contradicted by the complaint's other allegation that defendant officer Flores failed to tell the nurse that plaintiff had not taken his seizure medication. Defendant officer Flores is DISMISSED from this action with leave to amend, if plaintiff believes he can truthfully allege an Eighth Amendment violation by defendant officer Flores.

**Defendants Warden Koenig, RN Mislang, and CME Posson.** Defendants Warden Koenig, RN Mislang, and CME Posson are DISMISSED from this action with prejudice. Their only involvement in the alleged constitutional violations was their participation in the grievance process. A prison official's participation in the grievance process generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

**Defendant RN Hanna.** Defendant RN Hanna is DISMISSED with leave to amend. Plaintiff has made no allegations regarding defendant RN Hanna.

**Defendant John Doe 1.** Defendant John Doe 1 is DISMISSED from this action with prejudice. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See*

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendant unless it is clear that discovery would not uncover his or her identity or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquze v. Senko*, 643 F.Supp. 1172, 1180 (N.D. Cal. 1986). If plaintiff is able to identify the unknown defendant through discovery, he may then file a motion requesting leave to amend the complaint to name the intended defendant and to issue summons upon him. *See Gillespie*, 629 F.2d at 642;.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The complaint states cognizable Eighth Amendment claims against defendants RN Manglicmot, officer Lozano and officer Hardian for their February 28, 2018 refusal to provide plaintiff with a lower bunk assignment in a ground floor cell despite being informed of plaintiff's history of seizures and prior housing restrictions; against defendant officer Lozano for his March 1, 2018 refusal to contact medical for plaintiff after plaintiff experienced a seizure that caused him to fall from his top bunk, bite his tongue, and experience severe pain and headache; against defendant RN Anudokem for her August 17, 2018 refusal to dispense plaintiff's prescribed pain medication; and against defendants RN Deluna and RN Coleman for their refusal on or about September 21 and 24, 2018, to reorder plaintiff's hypertension medication, hydrochlorothiazide, despite knowing that he had been without it for twenty-eight days.

The following claim is dismissed with leave to amend: that defendant LVN Binuluna violated the Eighth Amendment when she dispensed the wrong KOP medication for twenty-eight days. The remaining claims are dismissed with prejudice.

The following defendants are dismissed from this action with leave to amend: defendants RN Hanna, officer Flores, and John Doe 1. The remaining defendants, officer Castillo, Jr., officer Botello, Warden Koenig, RN Mislang, and CME Posson, are dismissed from this action with prejudice.

2. If plaintiff wishes to file an amended complaint, he must do so within **twenty-eight**

10

**(28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-07952 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present, including the claims found cognizable above, and all of the defendants he wishes to sue, including the defendants ordered served below. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order in the time provided will result in the original complaint (Dkt. No. 1) remaining the operative complaint and the action proceeding solely on the Eighth Amendment claims found cognizable above.** The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto (Dkt. No. 1), and a copy of this order upon **defendants RN Lina Manglicmot, Officer P. Lozano, Officer J. Hardian, RN Robert Deluna, RN Anudokem, and RN A. Coleman at Correctional Training Facility at Soledad Prison Road, Soledad, California**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A

motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any

12

"factual record" presented by defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 3/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge