UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRON A. ADAMS, <br>     Plaintiff, <br>   v. <br> LINA MANGLICMOT, et al., <br>     Defendants. | Case No. 19-cv-07952-HSG <br><br> **ORDER GRANTING SECOND EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** <br><br> Re: Dkt. Nos. 19, 20 |

Plaintiff, an inmate at California Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is plaintiff's request for appointment of counsel (Dkt. No. 19), and defendants' second request for an extension of time to file their dispositive motion (Dkt. No. 20). For the reasons set forth below, the Court DENIES plaintiff's request for appointment of counsel (Dkt. No. 19), and GRANTS defendants a second extension of time to file their dispositive motion (Dkt. No. 20).

**DISCUSSION**

**I.   Request for Appointment of Counsel**

Plaintiff has requested that the Court appoint him counsel because he is unable to afford counsel; because the issues involved are complex; because there are numerous defendants; because restrictions on prison movement in response to COVID-19 have resulted in plaintiff being placed on lockdown with no access to the prison law library; because plaintiff has a disability within the meaning of the Americans with Disability Act; because plaintiff has mental and physical disabilities; because plaintiff suffers from ADHD; because plaintiff relies on a wheelchair for mobility; because plaintiff has no legal education; because plaintiff has a 6.2 grade average; because the case may require expert testimony; because plaintiff has demanded a jury trial; and

1  because the case will require discovery of documents and depositions of witnesses.  Dkt. No. 19.

2  There is no constitutional right to counsel in a civil case unless an indigent litigant may
3  lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Svcs.*, 452 U.S.
4  18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to
5  counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952
6  (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under
7  § 1915 is within "the sound discretion of the trial court and is granted only in exceptional
8  circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the
9  "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the
10 likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to
11 articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman v.*
12 *Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Both of these factors must be
13 viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*  Neither
14 the need for discovery, nor the fact that the *pro se* litigant would be better served with the
15 assistance of counsel, necessarily qualify the issues involved as complex.  *See Rand*, 113 F.3d at
16 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were
17 generally articulate and organized, district court did not abuse discretion in denying request for
18 counsel); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well
19 have fared better with assistance of counsel not enough).

20 At this early stage of the litigation, the likelihood of plaintiff's success on the merits is
21 unclear and the claims articulated are not particularly complex.  Plaintiff's motion requesting
22 appointment of counsel is DENIED for lack of exceptional circumstances.  Dkt. No. 19.  This
23 denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date
24 should the circumstances of this case warrant such appointment.

25 **II.  Defendants' Second Request for an Extension of Time to File a Dispositive Motion**

26 Good cause being shown, defendants' request for a second extension of time to file a
27 dispositive motion is GRANTED.  Dkt. No. 20.  Defendants shall file their dispositive motion by
28 January 19, 2021.  Plaintiff's opposition to the dispositive motion must be filed with the Court and

served upon defendants no later than 28 days from the date the motion is filed.  Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's request for appointment of counsel (Dkt. No. 19), and GRANTS defendants' second request for an extension of time to file their dispositive motion (Dkt. No. 20).

This order terminates Dkt. Nos. 19, 20.

**IT IS SO ORDERED.**

Dated:  October 5, 2020

HAYWOOD S. GILLIAM, JR.
United States District Judge